FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 10 2016

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF ARKANSAS
LITTLE ROCK DIVISION

NATALIE MATTHEWS
AND NICK MATTHEWS                                                    PLAINTIFFS

VS.             CASE NO. 4:16cv253-JLH

JURY DEMAND

HILTON INTERNATIONAL OF
PUERTO RICO, Inc. d/b/a HOTEL CARIBE HILTON;
AND HILTON WORLDWIDE, INC.                                           DEFENDANTS

This case assigned to District Judge Holmes
and to Magistrate Judge Kearney

Serve:
Hilton International of Puerto Rico, Inc.

via:
Jose Campos, Registered Agent
San Geronimo Grounds
1 San Geronimo Street
Old San Juan, Puerto Rico 00906

and

PO Box 1872
San Juan, Puerto Rico 00906

And

Corporation Service Company
2711 Centerville Rd. Ste 400
Wilmington, DE 19808

Serve:
Hilton Worldwide, Inc.

via:
Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring St.
Little Rock, AR 72201

**COMPLAINT**

COMES NOW Plaintiffs, Natalie Matthews and Nick Matthews ("Plaintiffs"), by and through his attorneys, Lauck Law Firm, P.A., and for their Complaint against Defendants Hilton

1

International of Puerto Rico, Inc. ("Caribe Hilton") and Hilton Worldwide, Inc. ("Hilton Worldwide"), states as follows:

1. Plaintiffs reside in Hot Spring County, Arkansas..

2. At all relevant times, Defendant Caribe Hilton is a Delaware corporation doing business in San Juan, Puerto Rico.

3. Defendant Hilton Worldwide is a Delaware corporation with its principle place of business in Virginia and operates hotels, conducts business, and marketing in the State of Arkansas where it has officers and agents for the usual and customary transaction of business, within the boundaries of the Eastern District of Arkansas, which is also the location of its registered agent for service of process in Arkansas.

4. At all relevant times, Defendant Caribe Hilton is continuously and systematically promoted as a property that is part the Hilton Worldwide hotel chains, Hilton Worldwide continuously and systematically represents that Caribe Hilton is one of its properties, and assists travelers from Arkansas, including the Plaintiffs', in booking lodging at Caribe Hilton, representing it as a safe destination for travelers.

5. At all relevant times, Defendant Caribe Hilton regularly and systematically promoted its property to Arkansans, and assists travelers from Arkansas, including the Plaintiffs, in booking lodging at Caribe Hilton, representing it as a safe destination for travelers.

6. Plaintiffs were marketed by Hilton Worldwide and planned their honeymoon stay at Caribe Hilton through Hilton Worldwide.

7. This court is the proper jurisdiction and venue for this cause of action.

8. Plaintiffs Natalie Matthews and Nick Matthews were business invitees and guests at the Caribe Hilton and Hilton Worldwide on its San Geronimo Grounds in Old San Juan, Puerto Rico on May 10, 2013, during their honeymoon.

9. While on the defendants' premises, Plaintiffs there for the mutual business benefit of themselves and Defendants.

10. While on the Defendants' premises, Plaintiffs were never warned of undetectable hazardous slippery substance conditions or along a sloped, smoothly paved concrete walkway leading to a gazebo and garden area, where previous incidents of slips and falls had occurred.

11. The location of the walkway at issue was not adequately lit and it was dark.

12. The presence of slippery conditions and substances on the subject walkway placed Natalie Matthews in peril.

13. Natalie Matthews did not know, or have reason to know, of the peril, hazardous condition, inherent risk, hidden defects and irregular configuration of the walkway.

14. The defendant knew or should have known of the peril in which Natalie Matthews was placed by the hazardous nature of the walkway, the presence of slippery substance and water, poor visibility, no warning signs, no anti-slip strips and/or devices, no railings, previous incidents of visitors slipping on the walkway, and common industry practices for hotel walkways on slopes in locations where slippery conditions can be created.

15. The defendant failed to install handholds, warnings, anti-slip strips, or standard safety measures at the subject walkway.

16. On May 10, 2013, as Natalie Matthews was walking down the walkway to the gazebo and gardens at Caribe Hilton, she lost her footing as a result, in whole or in part, of slickness of the walking surface, poor lighting, unsafe configuration of the walkway, a lack of

anti-slip safety measures, the lack of handholds, and the failure of the defendant to provide any type of warning or standard safety measures at the walkway in question.

17. Plaintiffs relied on the marketing of Defendants in deciding to book their stay at the Defendants properties, based in part on the impression advertised that the facilities would provide a safe premises for their honeymoon and would comply with industry standards and the expectations that are promoted by Hilton Worldwide to potential guests and customers.

18. Defendants were aware of the hazards associated with the walkway where the Natalie Matthews fell, but failed to correct or warn of the hazards.

19. Defendants' conduct in failing to correct the hazardous walkway conditions which caused Natalie Matthews to fall was willful, wanton and shows an utter indifference to, or conscious disregard of, the safety of others, especially in light of other falls of invitees on the property at the location.

20. As a direct and proximate result of the negligence of Defendants which directly and proximately caused her to fall, Natalie Matthews sustained severe injuries, including a traumatic brain injury, shoulder injury, neck injury, right foot injury, right ankle injury and back injury. She also sustained injury, aggravation and exacerbation to any infirmities that were present in her back, making them worse, but also injuring other anatomy in her back. The plaintiff sustained permanent injuries as a result of the fall and the injuries have affected her function and capacity of her body as a whole.

21. Defendants were negligent in failing to warn of hazards related to its walkway, in failing to correct defects in the configuration, structure and surface of the walkway, and in failing to properly maintain its premises.

22. Defendants' construction and maintenance of the walkway did not comply with industry standards, the International Building Code, A.N.S.I. Standards, the Americans with Disabilities Act and the Occupational Safety and Health Act.

23. Defendants' acts and omissions with respect to the walkway at issue constituted negligence.

24. Hilton Worldwide is liable by virtue of its parent-subsidiary relationship with Caribe Hilton and thus parent-subsidiary liability applies as to all allegations in this complaint.

25. The actual knowledge of Hilton Worldwide of the unwritten customs, practices, directives and policies of its subsidiary company, Caribe Hilton, and Defendant Hilton Worldwide's failure to stop those customs, practices, directives and policies constituted grossly negligent, willful, wanton, malicious and/or intentional conduct which totally and utterly disregarded the health and safety of Plaintiffs, thus warranting the imposition of punitive damages under these circumstances, all pursuant to Ark. Code Ann. § 16-55-206.

26. Defendants' acts and omissions were a conscious disregard for the safety of Plaintiffs and anyone else who was on the property.

27. As a result of the injuries sustained by Plaintiff, she has been caused to undergo extensive medical treatment to the aforementioned parts of her body.

28. Plaintiff has suffered, and because such injuries are permanent in nature, will ever in the future suffer pain, nervousness, and mental anguish, and the use, movement, and function of his entire body has been severely impaired.

29. Plaintiff further contends that her capacity to work in the future has severely and permanently diminished.

30. Plaintiff has suffered a decrease in her future wage earning capacity.

31. Plaintiff also contends that she will sustain medical expenses in the future, the exact amount of which cannot be determined at this time.

32. The defendant's actions were malicious in nature and disregarded the safety of Plaintiffs

33. At all times relevant to this lawsuit, Plaintiff Nick Matthews was the lawfully wedded spouse of the Plaintiff Natalie Matthews.

34. As a direct and proximate result, in whole or in part, of the foregoing negligent acts and omissions on the part of Defendants, Plaintiff Nick Matthews was injured in one or more of the following respects:

    a. He lost the consortium, comfort, society, affection and services of his wife Plaintiff Natalie Matthews;

    b. He lost hours of work and pay, because he was required to assist Natalie Matthews with her physical therapy and other aspects of mobility, care and treatment.

WHEREFORE, Plaintiffs pray that Judgment be granted in their favor and against Defendants Hilton International of Puerto Rico, Inc. and Hilton Worldwide, Inc. in an amount greater than $1,000,000.00, punitive damages in the amount of $1,000,000.00, for their Court costs incurred herein, and for such other and further relief as this Court deems equitable and just.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES

                      LAUCK LAW FIRM P.A.

                      Chester H. Lauck, III (99107)
                      117 South Victory Street
                      Little Rock, AR 72201
                      Telephone: (501)375-2825

Facsimile:   (501)375-2826
E-mail:      chet@laucklaw.com