**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

NATALIE MATTHEWS and                                                                                  PLAINTIFFS
NICK MATTHEWS

v.                                              NO. 4:16CV00253 JLH

HILTON INTERNATIONAL OF
PUERTO RICO, INC., d/b/a
Hotel Caribe Hilton; and
HILTON WORLDWIDE, INC.                                                                           DEFENDANTS

**ORDER**

This is a slip-and-fall case. Natalie and Nick Matthews, who reside in Arkansas, were guests at the Hotel Caribe Hilton in San Juan, Puerto Rico, on May 10, 2013, during their honeymoon, when Natalie slipped and fell. The Matthews contend that the defendants were negligent and that their negligence caused Natalie's injuries. They allege that the walkway where Natalie fell was slippery and dark, with no warnings, hand-holds, railings, anti-slip strips, or other safety measures in place. The defendants have moved to dismiss the complaint for lack of personal jurisdiction, because venue is improper, and because the claim is barred by the statute of limitations. They have also moved to dismiss the claim of the Matthews for piercing the corporate veil.

Some discovery might be needed to determine whether the defendants are subject to personal jurisdiction in the state of Arkansas, but no discovery is needed to determine that venue is improper in this district. A civil action may be brought in a judicial district in which any defendant resides, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, in a district in which a substantial part of the property that is the subject of the action is situated, or, if there is no district in which an action may otherwise be brought, any district in which the defendant is subject to the Court's personal jurisdiction. 28 U.S.C. § 1391(b). No defendant

resides in this district. As the defendants point out, the event that gives rise to the claim occurred in Puerto Rico. Any omissions that give rise to the claim occurred in Puerto Rico. Consequently, this claim could be brought in the District Court of Puerto Rico.

The district court of a district in which a case is filed laying venue in the wrong district shall dismiss, or if it is in the interest of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406. The defendants have not argued that the interest of justice requires transferring this case rather than dismissing it. Therefore, this action is dismissed without prejudice.

IT IS SO ORDERED this 2nd day of May, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE